UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE KIRKSEY, #153713,

                Petitioner,        CASE NO. 13-13142
                                          HONORABLE NANCY G. EDMUNDS

v.

MARY BERGHUIS,

                Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [dkt. 3]

### I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Willie Kirksey ("Petitioner") was convicted in the Oakland Circuit Court of armed robbery. Petitioner habeas application raises two claims: (1) there was insufficient evidence presented at trial to sustain the conviction; and (2) the trial court scored the sentencing guidelines incorrectly. The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may return to the state courts and exhaust an additional eight claims. For the reasons stated below, the Court denies Petitioner's motion.

### II.

Following Petitioner's conviction, he filed a claim of appeal in the Michigan Court of Appeals, raising his two habeas claims. On July 24, 2012, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions. *People v. Kirksey*, No. 305953 (Mich. Ct. App. July 24, 2012). On April 1, 2013, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People*

*v. Kirksey*, No. 146066 (Mich. Sup. Ct. April 1, 2013). For statute-of-limitations purposes, his conviction became final 90 days later, when the time for filing a petition for writ of certiorari expired, on or about July 1, 2013. See *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). Petitioner's present habeas application is dated July 11, 2013.

III.

Petitioner's motion states that he wishes to file a motion for relief from judgment in the trial court raising eight new claims that were not presented to the state courts during his direct appeal. He requests that his habeas petition be stayed and held in abeyance so that if he is unable to obtain relief in the state courts, he can include these new claims in this action.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. See *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not

jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. See *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. The one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, see *Jimenez*, 555 U.S. at 120 (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on April 1, 2013, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90-days later, on about July 1, 2013. The instant petition was signed on July 11, 2013. Thus, only about ten days of the one-year period had expired when Petitioner instituted this action.

While the time in which this case has been pending in federal court is not statutorily tolled, see *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application

for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. See, e.g., *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that about nine months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

If Petitioner has, as he suggests, a new federal claims, they should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254. Given such circumstances, a stay is unnecessary and unwarranted.

IV.

Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance of his habeas proceedings.

Should Petitioner wish to have the Court dismiss without prejudice the present petition so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within thirty (30) days of the filing date of this order. If he does not do so, the Court shall proceed on the two claims contained in the pending petition.

**IT IS SO ORDERED.**

                                        S/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: July 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2013, by electronic and/or ordinary mail.

                                     S/Johnetta M. Curry-Williams
                                     Case Manager
                                     Acting in the Absence of Carol A. Hemeyer